IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Peggy Nobles, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Encore Receivable Management, Inc.; , | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Peggy Nobles, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Peggy Nobles ("Plaintiff"), is an adult individual residing in Winterville, NC, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Encore Receivable Management, Inc. ("Encore"), is a Kansas business entity with an address of 400 North Rogers Road Olathe, Kansas 66062, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The "Collectors are individual collectors employed by Encore and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Encore at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $2800.00 (herein, the "Debt") to GE Money (herein, the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Encore for collection, or Encore was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Encore Engages in Harassment and Abusive Tactics

12. In October 2010, Encore began calling Plaintiff more than three times a day on subsequent days in an effort to collect the Debt.

13. Upon information and belief, Encore charged Plaintiff an interest rate in excess of what Plaintiff agreed to in the initial Agreement.

14. Encore drafted Plaintiff's checking account for interest and fees not agreed upon by Plaintiff.

15. Encore failed to sent Plaintiff validation or verification of the Debt.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

3

21. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f(5) in that Defendant caused charges to be made to the Plaintiff.

23. The Defendant's conduct violated 15 U.S.C. § 1692h in that Defendant applied payments to a debt that was disputed.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

25. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

27. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Debt had not been verified.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT,
## N.C. Gen.Stat. § 75-50, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

32. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

33. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

34. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

35. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

36. The Defendant's conduct violated N.C. Gen.Stat. § 75-54 in that Defendant collected or attempted to collect a debt or obtain information concerning the Plaintiff by a fraudulent, deceptive or misleading representation.

37. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a debt by use of unconscionable means.

38. The Defendant's conduct violated N.C. Gen.Stat. § 75-55(2) in that Defendant collected or attempted to collect from the Plaintiff all or a part of the Defendants' fee or charge

5

for services rendered, collected or attempted to collect a interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

### COUNT III
### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

41. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

42. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

### COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

45. Plaintiff did indeed suffer mental anguish including humiliation, embarrassment, and anxiety.

46. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;
5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial for the Plaintiff; and
6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 28, 2011

    Respectfully submitted,

    By  /s/ Stacie Watson

    Stacie Watson, Esq.
    Law Office of Stacie Watson.

7

Case 4:11-cv-00033-FL   Document 1   Filed 02/28/11   Page 7 of 8

P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile:  (919) 439-5308
Email: swatsonattorney@bellsouth.net
Bar number: 23890
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666